IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SEATON H. LETTS,

    Petitioner,

vs.                                               CIVIL ACTION NO.: CV514-061

T. JOHNS, Warden,

    Respondent.

## ORDER

Presently before the Court is Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Respondent seeks the dismissal of Petitioner Seaton Letts' ("Letts") petition for writ of habeas corpus, which Letts filed pursuant to 28 U.S.C. § 2241. Respondent asserts that the petition is barred by the successive writ rule of 28 U.S.C. § 2244(a). Letts alleges in this petition that he was only given credit against his federal sentence for two years' time instead of the four and one-half years to which he is entitled. (Doc. No. 1, p. 7). Respondent contends that Letts previously filed a section 2241 petition in the District of South Carolina and sought credit against his federal sentence for time served from November 25, 2004, through December 14, 2006. Respondent also contends that the South Carolina court dismissed Letts' petition, as moot, because the Bureau of Prisons ("BOP") had credited this time against his federal sentence.

Section 2244, Title 28 of the United States Code provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). "For a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." Watson v. United States, 392 F. App'x 737, 742 (11th Cir. 2010) (citing Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986)). Any "new" claims raised in a section 2241 petition which could have been raised in a previous petition should be dismissed as an abuse of the writ. Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990).

In his previously-filed section 2241 petition, Letts claimed that he was entitled to credit against his federal sentence for prior custody from November 25, 2004, through December 14, 2006. Letts asserted that he was not requesting credit from November 25, 2004, through August 14, 2009, as the BOP noted. (Case No. 1:12-cv-00731-MGL, Doc. No. 1-1) (D. S.C.). A magistrate judge in South Carolina determined that the BOP had credited Letts with the "appropriate additional jail credit[ ]" and recommended that Letts' petition be "deemed moot." (Id. at Doc. No. 35, p. 5). A district court judge adopted this recommendation as the opinion of the court. (Id. at Doc. No. 37).

Respondent's Motion fails to address certain issues which would allow the undersigned to make the proper recommended disposition of this matter. First, the undersigned has doubts as to whether the South Carolina court's disposition of Letts' previously-filed § 2241 petition was decided on the merits, and thus whether this petition

2

is procedurally barred by § 2244(a). <u>Clas v. Torres</u>, 549 F. App'x 922, 923 (11th Cir. 2013) ("A moot case or claim must be dismissed because mootness is jurisdictional, and a decision on the merits of a moot issue or case would constitute an impermissible advisory opinion."), citing <u>Sierra Club v. United States Environmental Protection Agency</u>, 315 F.3d 1295, 1299 (11th Cir. 2002). Secondly, the undersigned wonders whether, if Letts' petition is not barred under § 2244(a), his petition nevertheless should be barred as an abuse of the writ of habeas corpus. <u>Glumb</u>, 891 F.2d at 873. Further, if Letts' petition is not procedurally barred, Respondent should provide a response discussing the relative merits of the petition. In addition, Respondent cites to several exhibits and other pleadings in the Motion which have not been submitted to the Court, which raises the question of whether Respondent inadvertently failed to attach these documents to the Motion or whether these pleadings were cited inadvertently.

Respondent is directed to respond to the undersigned's queries within twenty (20) days of this Order. Letts shall then have a period of twenty (20) days to file any desired responsive pleading.

**SO ORDERED**, this 20th day of November, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)