IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SEATON H. LETTS, :
:
        Petitioner, :
:
vs. : CIVIL ACTION NO.: CV514-061
:
T. JOHNS, Warden, :
:
        Respondent. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Seaton Letts ("Letts"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, or in the alternative, for Summary Judgment. (Doc. 7.) Letts did not file a Response. In his Motion, Respondent asserts Letts' petition should be dismissed as barred by the successive writ rule of 28 U.S.C. § 2244(a). Upon initial review of Letts' petition and Respondent's Motion, it was unclear to the Court whether Letts' petition is barred by the successive writ rule. By Order dated November 20, 2014, Respondent was directed to answer whether Letts' previously-filed petition was decided on the merits, which would bar the instant petition under § 2244(a), and, if not, whether Letts' petition nevertheless would be barred as an abuse of the writ of habeas corpus. Respondent was also directed to discuss the relative merits of Letts' petition in the event there were no procedural bars to the petition. (Doc. 9.) Respondent filed additional documentation and a response to this

Order in support of his Motion. (Docs. 10, 11.) Letts again failed to file a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

BACKGROUND

In this action, Letts challenges the computation of a sentence that he is serving as a result of his conviction in the District of South Carolina for conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846. (Doc. 7, p. 2.) Letts was indicted on those charges in the District of South Carolina on August 28, 2002, but he fled to Jamaica in 2002. (Doc. 10-3, p. 2.)

Letts was arrested in Jamaica on November 25, 2004, based on charges of illegal possession of a firearm and illegal possession of ammunition. (Doc. 7, p. 4.) A Jamaican court sentenced Letts to four (4) years' imprisonment on the firearm and ammunition charges on December 14, 2006. Letts completed his Jamaican sentence on August 13, 2009. (Id.) Letts was released to the United States Marshals Service based on his charges in this country on October 23, 2009. (Id.) After Letts plead guilty, the United States District Court for the District of South Carolina sentenced him to 180 months' imprisonment on June 22, 2010. (Id.)

Letts filed a section 2241 petition in the District of South Carolina on March 13, 2012, and alleged that the Bureau of Prisons ("BOP") failed to calculate his sentence properly because it denied "him credit for time served in a Jamaican jail while awaiting extradition to the United States." (Doc. 10-3, p. 1.) The respondent filed a motion to dismiss/summary judgment. The District Court for the District of South Carolina denied respondent's motion and deemed Letts' petition to be moot because the BOP credited him with the appropriate amount of time against his sentence, from November 25, 2004, through December 13, 2006, plus an additional day of credit for August 14, 2009 (a total of 750 days' credit). (Id. at p. 5; Doc. 7-1.)

In this petition, Letts requests "prior custody credit time of two and half (sic) years while in detention with Jamaican [a]uthorities." (Doc. 1, p. 6.) Letts asserts the BOP only gave him credit for two (2) years' time rather than the four and one-half years' credit he should have received. (Id. at p. 7.)

Respondent avers that it appears Letts is seeking credit for time he spent serving his Jamaican sentence—from December 14, 2006, to August 13, 2009—as this time period is the only time the BOP has not credited against Letts' sentence. (Doc. No. 11, p. 1.) Respondent contends Letts' petition should be barred as an abuse of the writ of habeas corpus. (Id. at pp. 7-8.) In addition, Respondent argues this time period was credited against Letts' Jamaican sentence, and the BOP will not credit this time against Letts' federal sentence pursuant to 18 U.S.C. § 3585(b).[1] (Id. at p. 4.)

## DISCUSSION

Respondent contends Letts' petition raises one ground for relief, which is Letts' wish to be credited with the time period from December 14, 2006, through August 13, 2009, against his federal sentence. (Doc. 11, p. 7.) Respondent opines Letts' petition is barred as an abuse of the writ of habeas corpus because he could have presented the claim raised in this cause of action in his previously-filed section 2241 petition. Respondent further asserts Letts raised the issue of credit for the time period between December 14, 2006, to August 15, 2009, during his pursuit of the administrative remedies, and Letts' administrative exhaustion process occurred more than a year prior to the filing of Letts' § 2241 petition in the District of South Carolina. (Id. at p. 8) (citing Doc. 11-7, p. 2.) Thus, Respondent states, Letts was aware of the claim raised in this

---

[1] Respondent notes the District Court for the District of South Carolina's dismissal of Letts' previously-filed § 2241 petition as moot cannot be considered a decision on the merits. (Doc. 11, p. 7.) Thus, Respondent's original assertion that Letts' petition should be barred as a successive petition pursuant to § 2244(a), (doc. 7, pp. 5–7), is deemed abandoned.

petition at the time he filed his first section 2241 petition and could have included his request for credit for December 14, 2006, through August 13, 2009, in the petition he filed in the District of South Carolina. (Id.)

Any "new" claims raised in a section 2241 petition which could have been raised in a previous petition should be dismissed as an abuse of the writ of habeas corpus. McBride v. Sharpe, 25 F.3d 962, 970 n.7 (11th Cir. 1994) (citing Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)). "Under the abuse[ ]of[ ]the[ ]writ doctrine, a federal court may dismiss a subsequent petition when 'a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks.'" Watson v. United States, 392 F. App'x 737, 742 (11th Cir. 2010) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986)). "Initially, 'the government bears the burden of pleading abuse of the writ,' by 'not[ing] petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ.'" Id. (alterations in original) (quoting McCleskey v. Zant, 499 U.S. 467, 494–95 (1991)). "If the government satisfies its pleading burden, the burden shifts to the petitioner to disprove abuse by showing cause for his failure to raise the claim earlier and prejudice." Id.

As noted above, Respondent asserts Letts was aware of the claim raised in this petition at the time he filed his first section 2241 petition, yet Letts failed to request credit against his federal sentence for the time period from December 14, 2006, to August 13, 2009, in his first petition. Respondent contends Letts' failure to raise this claim in his previously-filed § 2241 petition bars this petition as an abuse of the writ. The evidence before the Court affirms Respondent's contentions.

Specifically, Letts submitted Administrative Remedy Number 618684 on December 8, 2010, while he was housed at the Federal Correctional Institution in Edgefield, South Carolina.[2] Letts asserted in this administrative remedy that "the total period from Nov[ember] 25, 2004, to Aug[ust] 14[,] 2009[,] should be credited to my [f]ederal sentence[ ]." (Doc. 11-7, p. 2.) According to Letts, he was taken into custody in Jamaica on November 25, 2004, and was not released on the "bondable" Jamaican charges because there was a federal arrest warrant pending against him at the time of his arrest on Jamaican charges. (Id.). Letts was informed in the BOP's response to his final appeal on August 17, 2011, that he was in "the primary custody of Jamaican authorities from November 25, 2004[,] through August 14, 2009," and that time was "credited against your Jamaican sentence. As a result, you are not entitled to any additional jail credit." (Doc. 11-9, p. 3.) However, in his petition for writ of habeas corpus filed on March 13, 2012, in the District Court for the District of South Carolina, Letts stated he was seeking credit against his federal sentence only from November 25, 2004, to December 14, 2006.[3] (Case No. 1:12-cv-00731-MCL, Doc. 1, p. 3) (D. S.C.) Letts explicitly noted in his memorandum in support of this previously-filed petition that he was entitled to prior custody credit time from November 25, 2004, through December 14, 2006. (Id. at Doc. 1-1, p. 2.) Letts omitted from his first petition any claim that he was entitled to credit against his federal sentence from December 14, 2006, up to and including August 13, 2009, despite his knowledge of this claim prior to the filing of his

---

[2] "[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). Accordingly, Letts was required to exhaust his administrative remedies prior to filing a writ of habeas corpus in the District of South Carolina or any other district.

[3] Letts ultimately received 750 days' credit against his federal sentence. The BOP credited Letts' with 749 days' credit, which reflects time from the date of his arrest by Jamaican authorities on November 25, 2004, through December 13, 2006, which was the day before his Jamaican sentence was imposed. The BOP also gave Letts credit for August 14, 2009, based on his release date from Jamaican custody. (Doc. 10-3, p. 4.)

5

first petition. Letts could have raised in his first petition any proffered claim of entitlement to credit against his federal sentence for the time period of December 14, 2006, to August 13, 2009, and he failed to do so.

The undersigned finds Respondent has met his burden of showing Letts' abuse of the writ. Respondent has: disclosed to the Court Letts' filing history; identified the claim which is new (Letts' sole claim in this petition); and alleged Letts' petition should be dismissed as an abuse of the writ of habeas corpus. Watson, 392 F. App'x at 742. Letts fails to show cause as to why he failed to raise a claim to entitlement to credit from December 14, 2006, to August 13, 2009, in his first petition. Thus, Letts has failed to meet his burden. This portion of Respondent's Motion should be **granted**, and it is not necessary to address the alternative ground of Respondent's Motion that Letts is not entitled to any more credit against his sentence.[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, or in the alternative, for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Letts' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

---

[4] The undersigned notes that Letts filed a pleading with the District of South Carolina entitled "Matters Requested Federal Comutation (sic)." (Case No. 1:12-cv-00731-MGL, Doc. 40.) In this pleading, Letts avers that he is entitled to credit for the entire time he was in Jamaican custody, or from November 25, 2004, to October 23, 2009. (Id. at p. 2.) While the respondent has yet to file a response to this pleading, which was docketed as a motion, Letts filed this pleading two years after he filed his original petition and more than a year after final judgment was rendered in his first section 2241 petition. (Id. at Docs. 37, 38.) Letts filed no objections to the Magistrate Judge's Report and Recommendation, nor did he raise this issue at any time before final judgment was entered. This late-filed pleading has no bearing on the undersigned's recommendation that Letts' petition is barred as an abuse of the writ. Letts could have (and should have) raised the issue asserted in the instant petition prior to the District Court for the District of South Carolina's final disposition, and Letts failed to do so.

**SO REPORTED** and **RECOMMENDED**, this 17th day of February, 2015.

/s/ R. Stan Baker
_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA